UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLENN BURTON, JR.,

    Plaintiff,

-vs-                                          Case No. _____

AMERICAN CYANAMID COMPANY, ET AL.,

    Defendants.

---

## NOTICE OF REMOVAL

---

1.    Defendant The Atlantic Richfield Company, a named defendant in *Burton v. American Cyanamid, et al.*, Milwaukee County Circuit Court Case No. 06-CV-12647, by its counsel, hereby removes that action from the Circuit Court for Milwaukee County, Wisconsin, on the grounds of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, *et seq.* Co-Defendants American Cyanamid Company, Armstrong Containers, Inc., ConAgra Foods, Inc., E. I. du Pont de Nemours and Company, Millennium Holdings, LLC, NL Industries, Inc., and The Sherwin-Williams Company, all have indicated to undersigned counsel their consent to this removal.

2.    Removal under 28 U.S.C. §§ 1332 and 1441 is appropriate because there is complete diversity of citizenship between plaintiffs and all properly named defendants, the amount in controversy exceeds $75,000, and all properly joined defendants have consented to this notice of removal. The remaining named defendant, Wisconsin's Department of Health and Family Services ("the Department"), was named only as a purported subrogee of the plaintiff. The Department has, however, disclaimed any interest in the case and requested that it be dismissed as a party. This establishes that complete diversity exists and/or that the Department

was fraudulently joined, that is, that the plaintiff could not have stated a claim against the Department at the time the Complaint was filed or to date.

3. On December 26, 2006, plaintiff filed his Complaint in the Circuit Court for Milwaukee County, Wisconsin. A true and correct copy of this pleading is attached hereto as **Exhibit A**.

4. Plaintiff alleges that he and his guardian ad litem, Susan M. Gramling, are residents of the State of Wisconsin. *See* **Exhibit A**, ¶¶ 1, 2. Accordingly, at the time plaintiff commenced this action and at the time of filing of this Notice of Removal, Plaintiff and his guardian were citizens of Wisconsin for purposes of removal.

5. All of the properly named defendants are incorporated in states other than Wisconsin, with principal places of business located in states other than Wisconsin: defendant American Cyanamid Company is incorporated in Maine, with its principal place of business in New Jersey; defendant Armstrong Containers, Inc. is incorporated in Delaware, with its principal place of business in Georgia; defendant ConAgra Foods, Inc. is incorporated in Delaware, with its principal place of business in Nebraska; defendant E. I. du Pont de Nemours and Company is incorporated in Delaware, with its principal place of business in Delaware; defendant Millennium Holdings, LLC is incorporated in Delaware, with its principal place of business in Texas; NL Industries, Inc. is incorporated in New Jersey, with its principal place of business in Texas; The Atlantic Richfield Company is incorporated in Delaware, with its principal place of business in Illinois (incorrectly alleged in the complaint as California); and The Sherwin-Williams Company is incorporated in Ohio, with its principal place of business in Ohio. Thus,

2

Case 2:07-cv-00303-LA   Filed 03/28/07   Page 2 of 5   Document 3

these defendants are citizens of states other than Wisconsin and are accordingly diverse to plaintiff and his guardian.

6. While the caption of Plaintiff's Complaint names Lead Industries Association, Inc. ("LIA") as an additional defendant, the removing defendants believe this was an unintended mechanical error on Plaintiff's part. No claims have been alleged against LIA. In fact, LIA is not named in the body of the Complaint other than at paragraph 30 where Plaintiff states that "LIA is not a party because it presently is under the protection of the bankruptcy laws in the United States." *See* **Exhibit A**, ¶ 30.

7. Wisconsin's Department of Health and Family Services has no claim in this action and/or has been fraudulently joined as a defendant for the sole purpose of defeating removal of this action to federal court. The joinder of this defendant should not be allowed to defeat removal under 28 U.S.C. § 1441.

8. In his Complaint, Plaintiff asserts that the Department "has made certain payments on behalf of the Plaintiff, with respect to medical, hospital and/or disability expenses which were incurred by the Plaintiff as a result of the unlawful acts alleged" and therefore has a subrogated interest requiring joinder under Wisconsin Statutes Section 803.03(2). *See* **Exhibit A**, ¶¶ 3. On March 19, 2007, the Department filed with the Milwaukee County Circuit Court a letter dated March 15, 2007 and stating that the Department does not, in fact, have a subrogated interest in this action. The letter was joined by a proposed Order for Dismissal of the State of Wisconsin Department of Health and Family Services. Defendants received copies of the letter and proposed order on March 21, 2007, less than thirty days before the filing of this Notice. True and correct copies of these documents are attached hereto as **Exhibit B**. In light of

3

this letter and proposed order, it is now apparent that complete diversity exists, Plaintiff has no claim against the Department, the Department has no claim herein and/or the Department was fraudulently joined to defeat removal.

9. Because all properly named defendants have citizenship that is diverse from the citizenship of Plaintiff and his guardian, there is complete diversity for purposes of 28 U.S.C. §§ 1332 and 1441.

10. Although the Complaint seeks an unspecified amount of compensatory and punitive damages, it is facially apparent from the Complaint that the amount in controversy between plaintiff and the defendants exceeds the sum or value of $75,000. The plaintiff alleges that he "has suffered severe and permanent injuries, including, but not limited to, great pain of body and mind and significant neurological deficits, past and future hospital expenses, and impairment of [his] ability to live and enjoy life," **Exhibit A, ¶ 36**, and that defendants are liable. Clearly, the amount in controversy exceeds $75,000.

11. All properly named defendants have consented to this Notice of Removal, as evidenced by the Consent to Removal being filed contemporaneously herewith. Therefore, all requirements are met for removal under 28 U.S.C. §§ 1332, 1441.

## OTHER MATTERS

12. Removal venue exists in the United States District Court for the Eastern District of Wisconsin because the Milwaukee County Circuit Court is within the Eastern District of Wisconsin. 28 U.S.C. § 1446(a).

13. Defendant Atlantic Richfield is filing this Notice of Removal within 30 days of receipt of the Department's March 15, 2007 letter and proposed order, from which it could first

4

be ascertained that this action was removable. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), all other orders, papers and exhibits served on defendants in the state court action (other than those attached hereto as Exhibits A and B) are attached hereto as **Exhibit C**.

15. Pursuant to 28 U.S.C. § 1446(d), copies of this notice of removal shall be served upon all parties and filed forthwith with the Milwaukee County Circuit Court.

WHEREFORE, defendant The Atlantic Richfield Company respectfully requests that this action proceed as properly removed to this Court.

Dated the 28th day of March, 2007.

GODFREY & KAHN, S.C.

By: _____
David G. Peterson

Attorneys for Defendant The Atlantic Richfield Company

P.O. ADDRESS:
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
dpeterso@gklaw.com

mwl294560_3