UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| GLENN BURTON, JR.<br>　　　Plaintiff,<br>vs.<br><br>AMERICAN CYANAMID ET AL,<br>　　　Defendants. | Case No.: 07-C-0303 |
| RAVON OWENS<br>　　　Plaintiff,<br>vs.<br><br>AMERICAN CYANAMID ET AL,<br>　　　Defendants. | Case No.: 07-C-0441 |
| ERNEST GIBSON<br>　　　Plaintiff,<br>vs.<br><br>AMERICAN CYANAMID ET AL,<br>　　　Defendants. | Case No.: 07-C-0864 |
| BRIONN STOKES<br>　　　Plaintiff,<br>vs.<br><br>AMERICAN CYANAMID ET AL,<br>　　　Defendants. | Case No.: 07-C-0865 |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY CONSOLIDATE CASES PURSUANT TO RULE 42(a), FRCP**

1

Each of the cases subject to this motion to partially consolidate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Civil L.R. 42.1 are brought by lead poisoned children against the same six defendants all of which were former manufacturers of white lead carbonate pigments[1]. Furthermore each case is brought under theories of negligence and strict products liability pursuant to the risk contribution doctrine adopted by the Wisconsin Supreme Court in the case of <u>Thomas v. Mallett</u>, *et al* 285 Wis.2d, 236, 321-3 (2005). The motion seeks to partially consolidate the cases for purposes of pretrial management of discovery and dispositive motions.

Rule 42(a) provides in pertinent part that "[w]hen actions involving a common question of law or fact are pending before the court . . . it *may* order all the actions consolidated; and it *may* make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a) (emphasis added). In situations where related cases fall within the parameters of Rule 42, it is within the district court's sound discretion to consolidate them. *See Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). Rule 42 does not demand that the actions be identical before they may be consolidated. "Rather, in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999). As demonstrated below, the savings in time and effort will be substantial as there are many significant common questions of fact and law regarding the basis for liability for each of the six

---

[1] **Error! Main Document Only.**On January 9, 2009, the seventh defendant, Millennium Holdings, LLC, filed with the Court a Suggestion of Bankruptcy. Millennium Holdings, LLC, had been named in each of the cases as a Defendant in its capacity as successor-in-interest to Glidden Paints, a former manufacturer of leaded pigments for use in residential paints and coatings.

2

defendants. Furthermore, consolidation will produce no inconvenience, delay, confusion or prejudice.

The common questions of fact and law are many. First, in each of the four cases, the liability of the defendants is predicated on the historical conduct of the same six former manufacturers of white lead carbonate. Each of the defendants has been sued in their capacity as a manufacturer of white lead carbonate pigments under theories of common law negligence and strict product liability. Each plaintiff has alleged theories of negligent and strict product liability failure to warn, as well as negligent sale and creation of a market for residential use of white lead carbonate pigments. The historical conduct of each defendant that forms the basis for liability under each theory is the same in each case. Accordingly, the many issues related to liability that will surely surface during discovery can and should be consolidated. For example, the Plaintiffs in each of the cases anticipate using the same expert historians to present evidence regarding the historical conduct of each defendant. It would be inefficient for these experts to present multiple reports, to be subject to multiple depositions, and to be the subjects of multiple discovery and in limine motions.

Similarly, there are many common issues of fact regarding the neuro-toxicity of lead, the pathways for ingestion of lead, the chemistry of lead paints, the durability of lead paints, as well as the epidemiology of lead poisoning. The parties will likely present expert testimony regarding each of these subjects. As with the expert historian evidence, it would be inefficient for these experts to present multiple reports, to be subject to multiple depositions, and to be the subjects of multiple discovery and in limine motions.

Additionally, there are many common issues of law. Each of the defendants have alleged the same affirmative defenses in each of the cases. For example, the Sherwin Williams

Company has asserted the same twenty nine affirmative defenses in each case. Of these twenty nine affirmative defenses, thirteen involve common legal issues such as the bulk supplier defense, the substantial change defense, the open and obvious danger defense, the Equal Protection, Due Process, Free Speech and Free Association, clauses of the United States and Wisconsin Constitutions. Sherwin Williams even asserts an affirmative defense based on the Commerce clause to the Unites States Constitution even though none of the Plaintiffs' claims are based on a legislative act. While none of the other six defendants are quite as exuberant as Sherwin Williams in asserting unfounded affirmative defenses, each has also asserted affirmative defenses based on the statute of limitations, intervening and superseding acts of the plaintiff and others, failure to mitigate, assumption of risk, and failure to join necessary and indispensable parties.

MOTLEY RICE, LLC

/ s /

Jonathan Orent
One of the Attorneys for the Plaintiff
WI State Bar No.: 1062035
321 South Main Street
Providence, RI 02940
(401) 457-7700