UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLENN BURTON, JR.                           Case No.: 07-C-0303

    Plaintiff,

vs.

AMERICAN CYANAMID CO., et. al.

    Defendants;

RAVON OWENS                                 Case No.: 07-C-0441

    Plaintiff,

vs.

AMERICAN CYANAMID CO., et. al.

    Defendants;

CESAR SIFUENTES                             Case No.: 10-C-0075

    Plaintiff,

vs.

AMERICAN CYANAMID CO., et. al.

    Defendants.

---

PLAINTIFFS' RESPONSE & OPPOSITION TO DUPONTS' CIVIL L. R. 7(H)
EXPEDITED NON-DISPOSITIVE MOTION TO EXCLUDE
UNTIMELY EXPERT OPINIONS OF DR. JOSEPH SWIDER

The above captioned Plaintiffs oppose DuPont's "Motion to Exclude Untimely Expert Opinions of Dr. Joseph Swider" because the target of that motion, Dr. Swider's Declaration[1], does not contain untimely expert opinions, rather his declaration simply rebuts the arguments used by DuPont to try to justify the invalid use of EDS data by Dr. Lamb in its opposition to the Plaintiffs' Daubert Motion to Exclude Dr. Lamb's expert testimony. (*Burton* Dkt # 741, at pp. 11-12; *Owens* Dkt # 676, at pp. 11-12; *Sifuentes* Dkt # 606, at pp. 11-12). In sum, Dr. Swider's Declaration does not assert new untimely expert opinions critical of Dr. Palenik's EDS data; rather both experts agree that Dr. Palenik's expert reports accurately report the elemental composition of the specific spots tested in the various paint chip layers. As shown below, Dr. Swider and Dr. Palenik also agree that there is significant variance from spot to spot in the EDS data reported for a particular paint chip layer because of the heterogeneity in the distribution of elements in any given paint layer. This is the reason that that Dr. Lamb's use of Dr. Palenik's data is inherently unreliable.

DuPont's motions to exclude the opinions expressed in Dr. Swider's Declaration are premised on the assertion that he is expressing previously undisclosed opinions that contradict his deposition testimony stating that he has no opinions "as to whether there were any errors in Dr. Palenik's report." (*See* DuPont's brief at p. 1). At bottom, DuPont argues that Dr. Swider's declaration is critical of Dr. Palenik's work and Plaintiffs could have filed a timely *Daubert* motion against Dr. Palenik. (*Id.*). However, DuPont's motion has no basis in the facts of what has actually occurred and must therefore be denied.

First there is no disagreement between Dr. Swider and Dr. Palenik about the accuracy and valid uses of SEM/EDS data. Dr. Swider does not assert that Dr. Palenik made errors in his report

---

[1] The Plaintiffs filed a Declaration of Joseph Swider (*Burton*, Dkt # 808, *Owens*, Dkt # 744, *Sifuentes*, Dkt # 677) in support of their Replies in Support of their Motions to Exclude the Expert Opinions of Douglas Lamb (*Burton*, Dkt # 807, *Owens*, Dkt # 743, *Sifuentes*, Dkt # 676)..

and as pointed out by DuPont he so testified during his deposition. (*Id.*). Both Dr. Swider and Dr. Palenik agree that SEM/EDS accurately measures and reports the elemental composition by weight of the specific spot on the surface of a particular layer of paint. Dr. Swider's Declaration does not offer an opinion that Dr. Palenik committed any errors in his reports. The Plaintiffs agree that Dr. Palenik accurately reported the abundant presence of white lead carbonate in the various paint chips tested in all three cases and that Dr. Palenik also accurately testified during his deposition that the element lead was also detected in many more layers but that the precise compound to which that lead was attached could not be identified with Raman microprobe spectroscopy and that those unidentified compounds "could" be white lead carbonate. (Palenik Deposition in *Owens,* May 26, 2017, pp. 42:4 to 48:21).

Second, Dr. Swider and Dr. Palenik also agree that the precise elemental composition of specific spots on the surface of a specific paint layer will vary from spot to spot in that layer. Dr. Palenik demonstrated this with the three re-do's he did of 3 specific paint layers from the *Burton* residence (*Burton* Lamb Daubert Brief, Dkt 567, pp. 8-11). Dr. Palenik also agreed that this is so in his deposition, in the *Owens* case on May 26, 2017, which was mistakenly referenced as Exhibit 8 to the Earle Declaration (*Burton* Dkt. # 568) on page 10 of that brief. Accordingly, the Plaintiffs are filing herewith the cited Palenik deposition transcript to correct the omission from Exhibit 8. And Dr. Swider agrees as well, as he demonstrated in his Declaration which DuPont seeks to strike.

Third, the only errors identified by Dr. Swider in his Declaration are related to the invalid ***application*** of SEM/EDS data by Dr. Lamb. And those criticisms directly rebut the assertions set forth by DuPont at pages 9 to 13 of its brief in opposition to the Plaintiffs' motion to exclude the expert opinions of Dr. Lamb. EDS is by definition semi-quantitative in that it accurately measures the elemental composition of the spots actually scanned, but given, the heterogeneous composition

of paint the elemental composition of adjacent spots with vary. (Swider Declaration at ¶¶ 3(B) to 3(C)). Dr. Swider's Declaration simply confirms the fact that Dr. Lamb's reliance on semi-quantitative EDS data is invalid for the purposes of excluding certain DuPont paint formulas from the limited paint chip samples that were properly used by both Dr. Swider and Dr. Palenik to confirm the presence of white lead carbonate pigments at the Plaintiffs' exposure addresses.

For reasons of the foregoing, the Court should deny DuPont's Expedited Non-Dispositive Motion to Exclude Untimely Expert Opinions of Dr. Joseph Swider.. Dated at Milwaukee, Wisconsin this 25th day of November, 2017.

Respectfully submitted,

By: /s/ *Peter G. Earle*

Peter G. Earle, Esq. (WI#1012176)
Law Offices of Peter Earle
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
peter@earle-law.com