# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GLENN BURTON, JR.,**
        **Plaintiff,**

   **v.**                                                              Case No. 07-CV-0303

**AMERICAN CYANAMID et al.,**
        **Defendants;**

**RAVON OWENS,**
        **Plaintiff,**

   **v.**                                                              Case No. 07-CV-0441

**AMERICAN CYANAMID et al.,**
        **Defendants;**

**CESAR SIFUENTES,**
        **Plaintiff,**

   **v.**                                                              Case No. 10-CV-0075

**AMERICAN CYANAMID et al.,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiffs bring these negligence and failure to warn actions against various lead paint and pigment manufacturers alleging they were harmed by ingesting lead paint as children. Plaintiffs proceed under the risk-contribution theory of liability, which the Wisconsin Supreme Court extended to plaintiffs alleging injury from White Lead Carbonate (WLC) in *Thomas ex rel. Gramling v. Mallet*, 285 Wis. 2d 236 (2005). Defendant Sherwin Williams now moves for summary judgment on grounds that plaintiffs' use of the risk contribution theory is barred by a Wisconsin statute.

## I. BACKGROUND

In 2011, the Wisconsin legislature enacted Wis. Stat. § 895.046 which proscribed the use of risk contribution theory in cases involving WLC and many other consumer products. In 2013, the Wisconsin legislature amended the statute to apply in cases already pending at the time of the amendment as well as those yet to be filed. Subsequently, in *Gibson v. American Cyanamid Co.*, 760 F.3d 600 (7th Cir. 2014), the United States Court of Appeals for the Seventh Circuit held that the Wisconsin Constitution's due process guarantee prohibits application of § 895.046 to extinguish risk contribution theory in already-pending WLC cases. *Id.* at 608-610. The Wisconsin Supreme Court, which is the ultimate arbiter of state constitutional questions, has not yet ruled on the constitutionality of the amended statute.[1] Sherwin Williams now argues that, in light of certain post-*Gibson* decisions of the Wisconsin Supreme Court and the United States Supreme Court, I should depart from Seventh Circuit precedent and treat § 895.046 as constitutionally applicable in the present case, thus foreclosing the plaintiffs' use of risk contribution theory.

## II. DISCUSSION

When the Seventh Circuit decides a question of state law, I am bound to follow that precedent until the state's highest court resolves the state law question. *Reiser v. Residential Funding Corp.,* 380 F.3d 1027, 1029 (7th Cir. 2004). As the circuit court explained in *Reiser*, a federal court's interpretation of state law "represents an educated guess about how the supreme court of [the state] will rule. Instead of guessing over and over, it is best to stick with one assessment until the state's supreme court, which alone

---

[1] Shortly after Gibson was decided, the Wisconsin Supreme Court agreed to review the constitutionality of §895.046, but split 3-3 and did not issue a decision. *Clark ex rel. Gramling v. American Cyanamid Co.*, 367 Wis.2d 540 (2016).

can *end* the guessing game, does so." *Id.* The case law discussed in the defendant's brief suggests that the constitutionality of §895.046 as applied to already-pending WLC raises remains a disputed issue. But the defendant's case law is not sufficient to justify my supplanting the Seventh Circuit's interpretation of Wisconsin law with my own.

In deciding *Gibson,* the Seventh Circuit applied the Wisconsin Supreme Court's two-part *Matthies* test for the state due-process constitutionality of retroactively applied legislation. *Gibson,* 760 F.3d at 609, *citing Matthies v. Positive Safety Mfg. Co.,* 244 Wis.2d 720, 737-38, 744 (2001). First, the *Gibson* court considered whether retroactive application of § 895.046 to extinguish the plaintiff's use of risk contribution theory would deprive him of a "vested right." *Gibson*, 760 F.3d at 609. Citing Wisconsin law that recognizes a plaintiff's interest in an existing right of action which has accrued under the rules of the common law as a protected vested interest, the court answered this question in the affirmative. *Id., citing Matthies*, 244 Wis.2d at 739. Second, the court considered whether retroactive application of the statute had a rational basis, as discerned by "balancing the public interest served by retroactive application against the private interest impacted by the statute." *Gibson*, 760 F.3d at 609, (quoting *Matthies,* 244 Wis.2d at 744). Noting that Wisconsin case law grants the retroactively applied statute a presumption of constitutionality, the court nevertheless found that the plaintiff's interest in the opportunity to recover for his injuries outweighed the public interest in "permitting businesses to operate in Wisconsin without fear of products liability litigation in the indefinite future based on risk contribution theory." *Gibson,* 760 F. 3d at 609-610.

Sherwin Williams argues that the Wisconsin Supreme Court's discussion of retroactivity in *Lands End, Inc. v. City of Dodgeville,* 370 Wis.2d 500 (2016) reveals

3

error in the Seventh Circuit's reasoning in *Gibson*. Sherwin Williams contends, first, that under *Lands End*, a right cannot vest until disputed issues of law and fact are finally resolved, and that a plaintiff's right to rely on risk-contribution theory in an already pending case is therefore not a vested right because certain issues regarding the validity and applicability of risk-contribution theory have not yet been resolved in the courts. This argument is not sufficient to compel my departure from Seventh Circuit precedent. After all, in *Lands End,* the Wisconsin Supreme Court reiterates the principle from *Matthies* that "an existing right of action which has accrued under the rules of the common law or in accordance with its principles is a vested property right"—which is the authority upon which the *Gibson* court determined that the plaintiff's right to his risk-contribution claim was vested. *Lands End*, 370 Wis.2d at 529 (quoting *Matthies*, 244 Wis.2d at 739 ¶ 22); *c.f. Gibson*, 760 F.3d at 609.

Sherwin Williams also argues that, under *Lands End,* the *Gibson* court incorrectly analyzed the rational basis prong of the Wisconsin due process test for retroactive legislation. As the defendant would have it, *Lands End* limits the court's role to determining only whether the legislation had a rational purpose, and eliminates the balancing of public and private interests that informed the Seventh Circuit's decision in *Gibson.* Case No. 07-CV-0303, ECF No. 654, at 19. This is a mischaracterization of *Lands End*. The majority opinion does not call for elimination of the balancing portion of the due process test; rather, it clarifies that "rational legislative purpose" is the standard for determining the scope of the public interest to be balanced against the private rights impacted by retroactive legislation. *Lands End*, 370 Wis. 2d at 516, n.14. *Lands End*

therefore does not undermine the methodology employed in *Gibson*, and *Gibson's* precedential authority remains secure.

Finally, Sherwin Williams argues that the United States Supreme Court's decision in *Bank Markazi v. Peterson*, 136 S. Ct. 1310 (2016), a federal separation of powers case, undercuts *Gibson's* rationale for declaring the application of §895.046 in pending WLC cases unconstitutional. Defendant characterizes *Bank Markazi* as standing for the principle that unfairness to a plaintiff is not a sufficient reason for a court to strike down a law that the legislature made applicable to pending cases, and argues that I ought to find *Gibson's* fairness-based analysis invalid for this reason. But *Gibson* decided a state, not a federal, due process question, and it is for the Wisconsin Supreme Court to decide the extent to which the US Supreme Court's reasoning informs Wisconsin constitutional law. I may not depart from Seventh Circuit precedent on these grounds.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendant Sherwin Williams' Motions for Summary Judgment Pursuant to Wis. Stat. § 895.046 (No. 07-cv-0303, ECF No. 653; No. 10-CV-0075, ECF No. 516; No. 07-CV-0441, ECF No. 582) are **DENIED.**

Dated at Milwaukee, Wisconsin, this 4th day of June, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
District Judge

5