UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GLENN BURTON, JR.<br>　　　　Plaintiff,<br>vs.<br>AMERICAN CYANAMID et al,<br>　　　　Defendants; | Case No.: 07-C-0303 |
| RAVON OWENS<br>　　　　Plaintiff,<br>vs.<br>AMERICAN CYANAMID et al,<br>　　　　Defendants; | Case No. 07-C-0441 |
| CESAR SIFUENTES<br>　　　　Plaintiff,<br>vs.<br>AMERICAN CYANAMID, et al<br>　　　　Defendants; | Case No. 10-C-0075 |

**PLAINTIFFS' MOTION TO CONSOLIDATE BURTON, OWENS, AND SIFUENTES' CASES FOR TRIAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 42**

In an effort to provide the Court and the parties with a fair and efficient means to resolve the numerous childhood lead poisoning cases now pending before the Court, Plaintiffs Glenn Burton, Ravon Owens, and Cesar Sifuentes respectfully, ask this Court to consolidate the first three cases for trial. These are childhood lead poisoning cases that are based on products liability claims against a group of industry defendants that made and sold the same defective product . The claims do not require proof or a finding of which defendant's product injured a particular plaintiff. All of the claims involve virtually identical expert testimony about what the defendants knew or should have known about the toxicity of their product (liability), why their product poses an unreasonable risk of harm when used in residential house paint (exposure) and

the neurotoxic effects of their product on young children (damages). Once these common foundational facts are presented, the only particularized proof relevant in the three individual cases will be whether and how these three children were exposed to lead in their respective homes and whether the neurotoxicity of this product has affected each child's development and neurocognitive status.

Trying these three cases on a consolidated basis eliminates the need for all of these experts to give essentially identical testimony in each case about these core issues. The Court has both the discretion and ability to ensure that the jury can take these principles and apply them to the question of each Plaintiff's exposure and damages.

Defendants believe that most suitable way to try the approximately 170 lead poisoning cases pending in the Eastern District of Wisconsin is individually. (*See, e.g.,* Defendants' Responses to Plaintiffs' Rule 7(h) Expedited, Non-Dispositive Motion to Consolidate Cases for Trial, Burton Dkt. Nos. 1043, 1046, and 1048.) The defendants also believe that a trial for each individual Plaintiff will take approximately one month. (*See, e.g.,* Burton Dkt. No. 1085, Defendants' Report in Anticipation of December 3 Conference, p. 5-6.) Resolving these cases in the manner defendants suggest will take approximately 15 years if tried in consecutive months. If American Cyanamid severs its case, it would take approximately 30 years to resolve the pending cases. Plaintiffs are offering a more efficient solution.

The pendency of the three cases at bar, and the approximately 170 cases lined up behind them are well suited for a consolidated trial under Fed.R.Civ.P. 42(a), which states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Rule "was designed and intended to encourage

such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). The power of the court to order consolidation is discretionary, *see Prudential Ins. Co. of America v. Marine Nat. Exchange Bank*, 55 F.R.D. 436, 437 (E.D.Wis.1972) (denying consolidation because defendants moved right before trial which would delay, not expedite the process, unlike Plaintiffs' motion for these cases), and that exercise of that discretion is appropriate here. These "cases involve common questions of fact, and share some identical questions of law, within the meaning of the requirements for consolidation set forth in Rule 42(a) of the Federal Rules of Civil Procedure, and they [are] prime subjects for consolidation under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event," it is well within a Judge's discretion to consolidate cases. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970.)

Fed.R.Civ.P. 42 grants courts broad discretion to manage dockets efficiently in order to advance trials and eliminate unnecessary repetition and confusion. *See Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967); *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985) (holding that these asbestos cases were exactly the kind of tort claims that a court should consolidate for trial because the cases presented common questions of law and fact, and plaintiffs had all been similarly exposed to asbestos causing similar disease.) That discretion includes consideration of the time and cost savings to the parties, witnesses, and the court. *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983) and 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). Potential prejudice or confusion can be avoided by cautionary instructions and by

controlling the manner in which the claims and defenses are submitted to the jury for deliberation. *See Hendrix*, 776 F.2d at 1495.

When faced with similar facts, courts in other jurisdictions have recently consolidated cases for trial. (*See,* Exhibit A, *In Re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*, (N.D. TX January 8, 2016.) Exhibit B, *Frankum v. Boston Sci. Corp*, (W.D. NC June 22, 2015); Exhibit C, *In Re DePuy ASRTM Hip Implants Litigation*, Superior Court of New Jersey, August 13, 2013; and Exhibit D, *Paul & Hanley Group v. Am. Asbestos Co.*, 2008 Cal. Super., Aug. 27, 2008.)) As was found in the *In Re: DePuy Orthopaedics, Inc.*, these cases share common questions of "whether defendants failed to provide adequate warnings," and whether the products "underwent similar testing, manufacturing, and marketing." (*Id.,* *p. 4.) Although, "individual damages alleged will require separate evidence…any differences between the Plaintiffs can be easily explained to the jury, and any potential risks of prejudice or confusion may be avoided through the organized presentation of evidence and cautionary instructions." (Id., *p. 5.)

Consolidation is appropriate because of the common facts and law that underlie the cases. It is in the interest of judicial economy, and indeed the interests of all the parties, to obtain jury-determined findings as to the strength of both the claims and the defenses in play in these cases. Such findings could guide the parties and the Court to a resolution that does not require lengthy, repetitive trials with the likely repeat participation of many experts on issues of the history of the manufacture and promotion of white lead, the alleged risks posed, and the alleged health effects on children. While the specific circumstances around each Plaintiff's alleged ingestion of lead paint and the alleged injuries might not be identical, the Court can oversee a consolidated trial and a jury can make both common and case specific findings.

The issues of liability, exposure and damages in each case will largely be based on expert testimony. This is the case for both the plaintiffs and the defendants. Indeed, as the numerous *Daubert* motions filed and the Court's ruling on all motions with a consolidated caption makes clear, the methodology and underlying body of science, medicine, and history is identical in each case. It is only the final application of that evidence, e.g. how the child was exposed or whether that exposure was injurious, that will involve individualized proof. There is no reason to assume that a jury could not apply those principles to that plaintiff-specific evidence.

Even on the issue of injury, where lead industry defendants customarily trot out the "parade of horribles" to suggest that the neurotoxicity of early childhood lead poisoning is neutralized or rendered "insignificant" because of a child's race, poverty or family structure, consolidation will be neither unfair nor confusing to the jury. As presented to the Court in the consolidated opposition to the defendants' *Daubert* motions against the Plaintiffs' two medical witnesses (Dr. Besunder, a pediatrician, and Dr. Trope, a neuropsychologist), both experts employ their same methodology in each case and apply it to that child's history. Similarly, as demonstrated in the Plaintiffs' consolidated *Daubert* motion on defendants' principal medical witnesses (Dr. Karofsky, a pediatrician, and Dr. Schretlen, a neuropsychologist), they will testify in each case that birth or family history somehow makes lead neurotoxicity meaningless in the lives of these children.

In a consolidated trial a jury may just as properly accept all or part of the Plaintiffs' proffer with respect to these issues or reject the evidence and find in favor of the defendants. The fact that this evidence will be considered in a single trial, as opposed to three virtually identical trials, will not in any way diminish any defendant's ability to challenge or rebut these

facts or present a defense. The jury can return individualized damage awards, if any, in such a setting.

## CONCLUSION

For the forgoing reasons, Plaintiffs Glenn Burton, Ravon Owens, and Cesar Sifuentes ask this Court to allow consolidation of these three cases for trial.

Dated: December 12, 2018  Respectfully submitted,

By:  /s/ *Fidelma L. Fitzpatrick*
Fidelma L. Fitzpatrick, Esq.
Robert J. McConnell, Esq.
MOTLEY RICE, LLC
321 South Main Street, 2nd Floor
Providence, RI 02903
Tel: (401) 457-7700
Fax: (401-457-7708
ffitzpatrick@motleyrice.com
bmcconnell@motleyrice.com

Neil T. Leifer, Esq.
NEIL T. LEIFER LLC
16 Kingswood Road
Auburndale, MA 02466
Tel: (617)429-4892
n.liefer@ntllaw.com

Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Tel: (414) 276-53202
Fax: (414) 276-0460
peter@earle-law.com

Edward A. Wallace
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
Fax: (312) 346-0022
eaw@wexlerwallace.com

Peter G. Earle, Esq.
LAW OFFICES OF PETER EARLE
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Tel: (414) 276-53202
Fax: (414) 276-0460
peter@earle-law.com

Victor C. Harding, Esq.
WARSHAFSKY, ROTTER, TARNOFF
& BLOCH SC
839 N. Jefferson Street, Suite 300
Milwaukee, WI 53202
Tel: (414) 276-4970
vich@warshafsky.com

*Attorneys for Plaintiff*